MARC J. FAGEL (Cal. Bar No. 154425)
MICHAEL S. DICKE (Cal. Bar No. 158187)
JOHN S. YUN (Cal. Bar No. 112260)
 yunj@sec.gov
ERIN E. SCHNEIDER (Cal. Bar No. 216114)
 schneidere@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> LAWRENCE R. GOLDFARB and BAYSTAR CAPITAL MANAGEMENT, LLC, <br><br> Defendants. | Case No. CV-11-0938 WHA <br><br> [PROPOSED] ORDER DENYING DEFENDANTS' MOTION FOR RELIEF FROM ORDER, GRANTING PLAINTIFF'S CROSS-APPLICATION FOR ORDER TO SHOW CAUSE RE CONTEMPT AND IMPOSING MONTHLY SPENDING LIMITS |

Defendants Lawrence R. Goldfarb ("Goldfarb") and Baystar Capital Management, LLC ("Baystar Capital") (together, "Defendants") have filed a regularly noticed motion for relief pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure from the payment provisions of the Final Judgment that was entered against them on March 16, 2011. Having reviewed and considered the papers submitted and such oral argument as it deemed necessary, the Court denies Defendants' motion.

Plaintiff Securities and Exchange Commission ("Commission") has submitted a cross-application for an Order to Show Cause why Goldfarb and Baystar Capital should not be held in civil contempt for failing to comply with the Final Judgment's disgorgement payment provisions. The Court finds that the Commission has made a sufficient showing to justify the issuance of an Order to Show Cause as to Goldfarb and Baystar Capital. Good cause appearing,

IT IS THEREFORE ORDERED THAT defendants Goldfarb and Baystar Capital shall appear before this Court on Thursday, June 21, 2012, at 8:00 a.m. in Courtroom 8 of the Phillip Burton Federal Building located at 450 Golden Gate Avenue in San Francisco, California to show cause why a judgment of civil contempt should not be issued against each of them. Goldfarb and Baystar Capital shall further show cause why each of them should not be fined or, in the case of Goldfarb incarcerated, pending the payment of the ordered disgorgement, prejudgment interest and pos-judgment interest.

IT IS FURTHER ORDERED THAT any declarations, points and authorities, or other evidentiary submissions in opposition to the issuance of a judgment of civil contempt against Goldfarb and Baystar Capital shall be filed with the Court and served on the Commission's counsel by 5:00 p.m., on Friday, June 1, 2012. Goldfarb shall make himself available for deposition on Tuesday and Wednesday, June 5 and 6, 2012. Any reply papers by the Commission shall be filed and served on Goldfarb's and Baystar Capital's counsel on Thursday, June 14, 2012.

IT IS FURTHER ORDERED THAT pending further order by this Court, Goldfarb is prohibited from directly or indirectly spending, incurring, charging, borrowing, donating, gifting, transferring and/or withdrawing more than $10,000.00 in any calendar month. Such spending,

charges, donations, gifts, transfers and withdrawals specifically include any credit card charges on his own personal credit card and on the credit card of any company or entity owned or controlled by him. It also includes spending, charges, donations, gifts, transfers and withdrawal made by Goldfarb's current wife, unless Goldfarb can establish that the spending, charges, donations, gifts, transfers and withdrawals are made with separate property (that did not come from Goldfarb) belonging to Goldfarb's current wife. Within five court days after the end of each calendar month, Goldfarb shall file and serve a sworn statement showing the total amounts received and spent by him, as well as listing all of the spending, charges, borrowing, donations, gifts, transfers and withdrawals exceeding $25.00 that were made by him, directly or indirectly, during the calendar month. In imposing this $10,000.00 per month limitation upon Goldfarb, it is not this Court's intention to interfere with, or relieve Goldfarb from, any payment obligations imposed upon Goldfarb by a California state court, including any monthly child support payment orders. Goldfarb must make his monthly child support payments as ordered by a California state court. Given the monthly spending limit afforded to Goldfarb, Goldfarb's support payments pursuant to such California state court orders shall count against his $10,000.00 monthly limit.

In addition to the above-stated $10,000 monthly spending limit, and on the condition that defendant Goldfarb make his monthly child support payments in compliance with the state court order, defendants may pay up to $6,000 per month in attorney's fees without prejudice to enlargement for good cause and without prejudice to the firm accruing larger unsecured indebtedness.

IT IS SO ORDERED.

DATED: May 30, 2012

_____
William Alsup
UNITED STATES DISTRICT COURT