IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LAWRENCE R. GOLDFARB and BAYSTAR CAPITAL MANAGEMENT, LLC,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　/ | No. C 11-00938 WHA<br><br>**ORDER RE MOTION TO APPROVE SALE OF RECEIVERSHIP'S INTEREST IN MAGNA REAL ESTATE MANAGEMENT, LLC** |

　　　　The receiver contends that the only way to liquidate defendants' LRG REV interest in Magna Real Estate Management, LLC (MREM), is to sell that interest to MREM's other owners, Jeff Koblick and Richard Hall, for a below-market price. According to the parties, as MREM owners, Koblick and Hall have control over the sale of the underlying real estate assets in MRE and the sale of LRG REV's assets in MREM (*See* Cotton Decl. ¶ 6; Opp. at 3; Cotton Decl. Exh. C, § 7.1). The operating agreement therefore gives MREM owners control over the marketability of the asset to any other buyer. Koblick and Hall have now negotiated with the receiver to buy the asset at $3.7 million below its valued price (Cotton Decl. ¶¶15, 22–25). In *Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 372 (1992), the California Supreme Court found that the "covenant of good faith finds particular application in situations where one party is invested with discretionary power affecting the rights of another.

Such power must be exercised in good faith." The receiver must address why the MREM managers should not be required to exercise their discretion in good faith, rather than receiving an arguably disproportionate windfall (to the detriment of defendants) which the parties could not have foreseen. The receiver shall submit briefing by **MONDAY, AUGUST 12 AT NOON**. Defendants may respond to this by **WEDNESDAY, AUGUST 14 AT NOON**.

**IT IS SO ORDERED.**

Dated: August 7, 2013.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2