IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>  v.<br><br>LAWRENCE R. GOLDFARB and BAYSTAR CAPITAL MANAGEMENT, LLC,<br><br>    Defendants.<br>                                    / | No. C 11-00938 WHA<br><br><br>**ORDER DENYING DEFENDANTS' MOTION TO STAY THE AUGUST 21 ORDER** |

## INTRODUCTION

In this SEC enforcement action, defendants move to stay the August 21 order granting the receiver's motion to approve the sale of the receivership estate's largest interest. For the reasons below, defendants' motion is **DENIED.**

## STATEMENT

This action's procedural history is set forth in a prior order (Dkt. No. 121). In short, defendants are Lawrence Goldfarb and Baystar Capital Management, LLC. Final judgment was entered against them in an amount of over $14 million. In June 2012, defendants were held in civil contempt for failing to comply with that judgment. A receiver was then appointed to help manage defendants' assets to satisfy the judgment.

In July 2013, the receiver filed a motion to approve the sale of defendant Goldfarb's interest in Magna Real Estate Management LLC (MREM). Goldfarb is the sole owner of LRG Capital Real Estate Ventures, LLC, which in turn owns 50% of MREM. Jeff Koblick and

1 Richard Hall are MREM managers who each own 25% of MREM. Under MREM's Operating
2 Agreement, any transfer of the LRG interest must be consented to by the MREM managers in
3 their "sole and absolute discretion" (Cotton Exh. C at § 7.1(a)). In addition, MREM and twenty
4 other investors own Magna Real Estate LLC (MRE), the current buyer of Goldfarb's LRG
5 interest. Following negotiations with the receiver, MRE agreed to purchase the LRG interest at a
6 below-appraised price of $5.1 million.

On August 7, the receiver was asked by the undersigned judge to submit supplemental briefing as to why the MREM managers should not be required to exercise more good faith as to the sale of the LRG interest (Dkt. No. 112). The receiver responded that because of MREM's Operating Agreement, no acceptable purchase offers had materialized from third parties. He further explained that the MREM managers never threatened to use their veto rights under the Operating Agreement to obtain an advantage in their negotiations for the LRG interest. According to the receiver, the MREM managers had acted in good faith by attempting to solicit third party offers to purchase the LRG interest and increasing their own offering price after the receiver countered their offers.

On August 15, a full hearing was conducted to assess whether the $5.1 million amount was the best price under the circumstances. The receiver was then ordered to file additional briefing as to how much more cash money the buyers would be willing to pay for the LRG interest (Dkt. No. 119). After talking to MRE, the receiver submitted $5.5 million as the final sale price and the receiver's motion to approve the higher sale was granted on August 21 (Dkt. No. 121). Defendants move to stay the August 21 order pending appeal. This order follows full briefing and oral argument on defendants' motion.

**ANALYSIS**

In deciding whether to grant a stay pending appeal, a district court must balance four factors: (1) whether the applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Golden Gate Rest. Ass'n*

2

*v. City & County of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008). Defendants contend that all four factors weigh in favor of granting a stay. This order disagrees for the reasons below.

### 1. LIKELIHOOD OF SUCCESS ON THE MERITS.

"[A] district court's power to supervise an equity receivership and to determine the appropriate action to be taken in the administration of the receivership is extremely broad." *S.E.C. v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986). As such, our court of appeals observes that it "should not place itself in the position of second guessing a district court judge . . . particularly when there appears to be no clear abuse of discretion." *Id.* at 1037–38 (internal quotation marks omitted). For a court-authorized sale of property, the price for which the asset is sold should be the "best price under the circumstances." *Tanzer v. Huffines*, 412 F.2d 221, 222 (3d Cir. 1969).

Defendants contend that they have a strong likelihood of succeeding on appeal because the LRG interest in MREM will not be sold at the best price under the circumstances. For support, defendants rely on the August 7 order and the August 15 hearing as their "strongest evidence" because both allegedly conflict with the findings of the August 21 order (Reply Br. 2).

This reliance is misplaced. The August 7 order and the August 15 hearing involved questions as to the price of LRG's interest in MREM, the numerous marketing efforts already made for this asset, the buyers' good faith conduct, and the risk with obtaining another appraisal at cost to the receivership. This, however, does not suggest inconsistency with the August 21 order, much less any clear abuse of discretion in finding $5.5 million to be the best price possible under these circumstances. It is true that at the hearing, the judge questioned whether the amount was too low, but as a result, the offer was sweetened to $5.5 million following the hearing.

Defendants nevertheless assert that the August 21 order relies on a significant factual error with sale discounts. According to defendants, the $5.5 million sale price does not represent a 31% discount from the appraised value of the LRG interest, as stated in the August 21 order. Rather, the sale price represents either a 37.5% discount from a more recent $8.8 million valuation from the receiver's independent appraiser, or a 45% discount from the $10 million

3

valuation by the receiver. As such, defendants argue that the August 21 order constitutes a clear abuse of discretion because both of their calculated amounts are well beyond the 24-33% range for appropriate sale discounts.

As a preliminary matter, the 31% discount is not a factual error. The August 21 order correctly calculated $5.5 million to be a 31% discount from the $8,034,028 valuation as of July 2012. The order could have used the more recent $8.8 million valuation, to be sure, but this would not change the outcome. The main point is that the judge nudged the sale price from $5.1 million to $5.5 million and this, in the judge's opinion, is the best that will be obtained. This order must weigh this benefit against the risk that by holding out for more, the parties and victims will lose even this opportunity. Thus while the judge is sympathetic to defendant Goldfarb in this regard, it must be remembered that he created this mess by operating a fraudulent enterprise that the rest of us are now trying to set as right as possible.

### 2. THE BALANCE OF HARDSHIPS.

The order now considers the potential for irreparable injury to defendants absent a stay, as well as the substantial injury to other parties in this matter. Defendants assert that if the approved sale moves forward, their appeal becomes moot because the LRG interest would transfer to MRE. Defendants further suggest that such harm would be irreparable because it would be impossible to undo the sale after the fact.

Other parties, however, face greater harm. The receiver has submitted a declaration that MRE will withdraw its offer to buy the LRG interest if there is a stay that results in a delay past November 23, 2013 (Koblick Decl. ¶¶ 2, 6). This is because MRE must secure a bank financing commitment by that date to purchase the LRG interest; otherwise, MRE risks paying non-refundable loan commitment fees or not obtaining the loan at all (*id.* ¶¶ 3, 5). Furthermore, MRE's shareholders will not authorize the company to buy the LRG interest if a stay is in place beyond November 23, 2013 (*id.* ¶ 6). The defrauded investors and creditors would therefore lose the only offer on the table for the LRG interest, while risking that the interest will wind up being sold at an even lower price.

Defendants contend that the sale could still happen even with a stay because the buyers "are obviously desperate to acquire [the LRG interest]" (Reply Br. 3). Defendants also contend that even if the sale fell through, this would be beneficial to investors because the receiver "might" find a better deal (*id.* at 4). There is no evidence to support either of these vague contentions. The order thus finds that the balance of hardships tips against a stay.

### 3. THE PUBLIC INTEREST.

Defendants assert that there is a public interest in preserving their appellate rights, which would become moot without a stay. The public interest, however, "is inseparable from the issues relating to the relative hardship suffered by the litigants." *See Lopez v. Heckler*, 713 F.2d 1432, 1437 (9th Cir. 1983); *and Plata v. Schwarzenegger*, C01-1351 TEH, 2008 WL 4847080, *6 (N.D. Cal. Nov. 7, 2008) (Judge Thelton Henderson).

Here, there is a strong public interest in ensuring that defrauded investor creditors receive a speedy and economic resolution of the receivership action and at least recover something. Also relevant to this interest is the risk that the approved sale will fail if MRE's bank financing commitment falls through (Koblick Decl. ¶¶ 2–6). As such, the public interest lies in favor of denying a stay.

### CONCLUSION

For the reasons stated, defendants' motion to stay the August 21 order is **DENIED.** It is thus unnecessary to reach the arguments as to whether the August 21 order may be appealed. The closing of the sale, however, will be stayed until **NOON ON OCTOBER 4, 2013,** in order to give the parties an opportunity to present the stay request to the court of appeals and for the court of appeals to rule thereon. This stay is conditioned on the motion for stay being presented to the court of appeals by **NOON ON SEPTEMBER 20, 2013.**

**IT IS SO ORDERED.**

Dated: September 12, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5