IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

LAWRENCE R. GOLDFARB and BAYSTAR CAPITAL MANAGEMENT, LLC,

    Defendants.

No. C 11-00938 WHA

**ORDER DENYING MOTION TO CORRECT SEPTEMBER 12 ORDER AND VACATING OCTOBER 31 HEARING**

Under Federal Rule of Civil Procedure 60(a), defendants move to correct the order dated September 12 (Dkt. No. 136). The September 12 order had denied defendants' motion to stay the August 21 order, which in turn granted the receiver's motion to approve the sale of the receivership estate's largest interest. Defendants now request the removal of the following italicized language from the September 12 order:

> As a preliminary matter, the 31% discount is not a factual error. The August 21 order correctly calculated $5.5 million to be a 31% discount from the $8,034,028 valuation as of July 2012. The order could have used the more recent $8.8 million valuation, to be sure, but this would not change the outcome. The main point is that the judge nudged the sale price from $5.1 million to $5.5 million and this, in the judge's opinion, is the best that will be obtained. This order must weigh this benefit against the risk that by holding out for more, the parties and victims will lose even this opportunity. *Thus while the judge is sympathetic to defendant Goldfarb in this regard, it must be remembered that he created this mess by operating a fraudulent enterprise that the rest of us are now trying to set as right as possible.*

Defendants argue for removal of the italicized language because "[a] quick reading of the last sentence would imply to the uncareful reader that the Court has made a factual finding with regard to Mr. Goldfarb's guilt in the criminal matter, and that the Court has determined that he operated a 'fraudulent enterprise.'" Defendants then suggest that this disputed language "presumably was unintentional," such that Rule 60(a) allows their motion to be granted.

The order disagrees.  Rule 60(a) provides that a court may correct "a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  There is no such mistake here, nor any sufficient showing by defendants that the disputed language somehow constitutes a clerical mistake or mistake arising from oversight or omission.

Among other things, the above sentence was based on defendant Goldfarb's own signed statement of wrongdoing that is of record in the criminal action, and said sentence was an integral part of explaining why the Court has denied relief sought by Goldfarb to block the sale. Moreover, the September 12 order intentionally included this language to explain the situation in which the undersigned judge tried to obtain the best sale price possible for the receivership estate's largest interest.

Defendants' motion for correction is thus **DENIED**.  The hearing scheduled for October 31 is also **VACATED**.

**IT IS SO ORDERED.**

Dated:  October 24, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2