United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

  v.

LAWRENCE R. GOLDFARB and BAYSTAR CAPITAL MANAGEMENT, LLC,

    Defendants.

No. C 11-00938 WHA

**ORDER GRANTING MOTION FOR DISBURSEMENT OF FUNDS AND VACATING HEARING**

Receiver John W. Cotton moves to distribute certain assets recovered from defendants (Dkt. No. 163). In particular, he recommends that (1) $5,650,000 be paid to defrauded Island Fund investors on a *pro rata* basis, as detailed in the Receiver's Attachment A; (2) $238,157 be distributed to creditors who timely filed claims, as listed in the Receiver's Attachment B; and (3) $350,000 be held back in the receivership estate to cover the Receiver's remaining tasks (*e.g.*, investigating the Yacht Fund, ensuring that other profit payments due from the Island Fund and LRG Cascade LLC are recovered, and completing remaining administrative tasks). This comes after prior orders granted a motion to sell the receivership estate's largest interest for $5.5 million, with later approval of the Receiver's claims process for creditors (Dkt. Nos. 136, 145).

Importantly, the present motion has the support of the three largest Island Fund investors. Their ownership comprises 93% of the Island Fund capital (Cotton Decl. ¶¶ 22, 24). The Receiver declares (*id.* ¶ 24):

> While I did not solicit the views of the remaining [seven percent] due to their very minority status and the small economic impact of this payment to them, each has been served with a copy of the accompanying [m]otion and can voice any concerns they have directly to the Court.

He further explains that "[t]he *pro rata* amount that otherwise would go to the remaining [seven percent] of the IF investors, which instead is being paid to creditors, is only $15,000 of the $215,000 approved by the 93% majority" (Br. 5 n.1).

To date, no objection has been received from any creditor. Moreover, the deadline to oppose the Receiver's motion has come and gone, without any opposition from defendants. The Securities and Exchange Commission also does not oppose the present motion, having filed a statement of non-opposition.

Accordingly, to the extent stated in the Receiver's proposed order (Dkt. No. 163-4), the motion to disburse is **GRANTED**. The Receiver is authorized to:

1. Make payments on a *pro rata* basis to all Island Fund investors listed in the Receiver's Attachment A, who timely filed claims as set forth in the Receiver's motion, in the percentage amounts indicated and up to approximately $5,650,000;

2. Make payments to the creditors listed in the Receiver's Attachment B, who timely filed claims as set forth in the Receiver's motion, and in the dollar amounts indicated;

3. Hold back a reasonable amount of the receivership estate's funds, estimated to be approximately $350,000, to complete the Receiver's remaining tasks; and

4. Continue with the remaining tasks outlined in the Receiver's motion to bring the receivership estate to its conclusion as quickly as possible.

The hearing set for May 1, 2014, is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: April 21, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE