IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>  v.<br><br>LAWRENCE R. GOLDFARB and BAYSTAR CAPITAL MANAGEMENT, LLC,<br><br>  Defendants.<br>  _____ / | No. C 11-00938 WHA<br><br>**ORDER GRANTING MOTION FOR APPROVAL OF (1) REDEMPTION OF ASSETS; (2) FINAL DISTRIBUTION; (3) PAYMENT OF ACCRUED FEES TO RECEIVER; (4) DISCHARGE OF RECEIVER; AND (5) VACATING HEARING** |

The Court previously approved two interim distributions to investors totaling $6.2 million (Dkt. Nos. 169 and 179). Now, receiver John W. Cotton moves for approval of (1) the redemption of remaining assets; (2) a final distribution to investors; (3) payment of his accrued fees; and (4) his discharge from further duties.

All of the known assets of the defendants have been identified and liquidated to cash (Dkt. No. 180-1 at 5). The receiver reports that valuation of the remaining partnership interests in the Island Fund and Yacht Funds proved difficult since neither fund is publicly traded. The receiver sought the valuation assistance of the two largest Baystar investors, who collectively are entitled to 83 percent of the distributable funds in the estate. The two investors approved of the redemption amounts that the receiver negotiated: $150,000 and $235,638 respectively (Dkt. No. 180-1 at 2). The receiver seeks the Court's approval of these redemption amounts, which

are now held in the estate bank account. Counting the redemption amounts, the receiver now holds $479,540.

To date, no objection has been received from any creditor. Through his attorney, defendant Lawrence Goldfarb communicated that he does not oppose the motion (*id.* at 8). The Securities and Exchange Commission also does not oppose the present motion, having filed a statement of non-opposition.

Accordingly, the motion is **GRANTED**. The receiver is authorized as follows:

1. The offered redemption amounts of $150,000 and $235,648 for the partnership interests in the Island Fund and Yacht Funds, respectively, is approved;

2. The receiver shall make a final *pro rata* distribution of all remaining cash to the Island Fund investors;

3. The receiver shall file final tax returns, and a final accounting of the estate income and expenses as required by the plaintiff SEC;

4. The receiver shall pay the amount of $18,247.50 to his firm Gartenberg, Gelfand & Hayton for his legal services and costs incurred;

5. The receiver shall be permitted to hold back $15,000 in funds to cover as yet unbilled time in preparing and processing the instant motion, and services anticipated from post receivership work;

6. The receiver is permitted to destroy duplicate, hard copy documents received from defense counsel, and all other hard copy documents unrelated to the claims of investors and the operation of the estate;

7. Upon completion of the tasks set forth herein, the receivership is deemed terminated.

In addition, the Clerk of this Court shall **TRANSFER** the funds it currently holds on account of the disgorgement order against defendant Goldfarb, approximately $80,169, to the receiver for *pro rata* distribution to defrauded investors.

The receiver also asks for a more expansive release than that provided in the order appointing him as receiver. The appointment order provides: "In no event shall the Receiver or

1 Retained Personnel be liable to anyone for their good faith compliance with their duties and
2 responsibilities as Receiver or Retained Personnel" (Dkt. No. 53 at 12).  This order concludes
3 that there is no need to expand the scope of the release beyond what is provided in the prior
4 order.

5     The hearing set for September 8, 2016, is hereby **VACATED**.  The Court will retain
6 continuing jurisdiction over this matter.

8     **IT IS SO ORDERED.**

10 Dated:  September 6, 2016.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE